In re CHARLES WARNER.

No. A-1917. Opinion Filed April 5, 1913.

PER CURIAM. This cause coming on to be heard upon a motion of the petitioner requesting that his petition be dismissed, upon due consideration by the court the request is granted and the petition for the writ of habeas corpus dismissed.

FRED FINLEY v. STATE.

No. A-1560. Opinion Filed April 5, 1913.

Appeal from Greer County Court;

Jarret Todd, Judge.

Fred Finley was convicted of violating the prohibitory law, and appeals. Appeal dismissed.

Eagin & Eagin, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Fred Finley, was convicted at the July, 1911, term of the county court of Greer county, on a charge of violating the prohibitory law, and on the 30th day of August, thereafter, judgment was pronounced by the court imposing a punishment of thirty days imprisonment and a fine of fifty dollars. Time was given and extended within which to file this appeal, amounting to one hundred twenty days, the statutory limit. The appeal was not filed in this court until the 30th day of December, 1911, more than one hundred twenty days after the rendition of the judgment. The appeal not having been filed within the time provided by the statute, we are without jurisdiction to review the errors complained of, and upon motion of the Attorney General the appeal is dismissed.

In re LOTTIE HOLDEN.

No. A-1409. Opinion Filed April 5, 1913.

Al. J. Jennings, for petitioner.

PER CURIAM. This is a petition for the writ of habeas corpus filed in this court on the 30th day of September, 1911. The petition was never presented to this court nor to the presiding judge thereof. It is based upon the contention that the petitioner was convicted in the district court of Oklahoma county on a charge of manslaughter and sentenced to twenty years imprisonment in the state penitentiary; that bail was fixed in the sum of twenty thousand dollars, and that said bail was excessive. There has been no appeal perfected in this court from the original judgment and the time has long since lapsed in which this appeal could have been taken. The writ of habeas corpus is not the proper remedy in this class of cases anyway and in all probability counsel abandoned this application as well as an effort to appeal from the original judgment. The petition does not state grounds for relief and is dismissed for want of prosecution.